# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>Leonard CORREA<br><br>_Defendant(s)_ | )<br>)<br>)  Case No.<br>)<br>)<br>)<br>) |

**FILED**

SEP 1 1 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

2:17-MJ-0161 DB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 8, 2017__ in the county of __Solano__ in the
__Eastern__ District of __California__, the defendant(s) violated:

21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

_____
Complainant's signature

Maxim Lashchuk, DEA Special Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date: Sept. 8, 2017

_____
Judge's signature

City and state:   Sacramento, California

Hon. Deborah Barnes, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT OF SPECIAL AGENT MAXIM LASHCHUK IN SUPPORT OF ARREST WARRANT AND COMPLAINT:

I, Maxim Lashchuk, Special Agent of the Drug Enforcement Administration (DEA), being duly sworn, depose and state:

1. I am a Special Agent of the United States Drug Enforcement Administration (DEA) and have been so employed since 2014. Upon being hired by the DEA, I completed approximately eighteen weeks of DEA Basic Agent training at the DEA Training Academy where I received in excess of 500 hours of specialized training in narcotic investigation matters to include but not limited to training in search and seizure law, drug identification, drug trafficking trends and methods, evidence gathering, report writing, money laundering, asset forfeiture, undercover operations, and surveillance operations. After completing Basic Agent training, I was assigned to my current assignment at the DEA San Francisco Field Division, Sacramento District Office, Task Force Group. During the course of my employment with the DEA, I have participated in and/or led investigations targeting individuals involved in trafficking of heroin, methamphetamine, cocaine, crack cocaine, LSD, marijuana, steroids, and pharmaceutical drugs. Through my training, experience, and interaction with other experienced Special Agents, I have encountered and become familiar with various tools, methods, trends, paraphernalia, and related articles used by drug traffickers and drug trafficking organizations in their efforts to import, store, conceal, transport, manufacture, and distribute controlled substances.

2. This affidavit is made in support of the issuance of an Arrest Warrant and Criminal Complaint charging Leonard CORREA with violation of Title 21 U.S.C. Section 841(a)(1), Possession with Intent to Distribute Methamphetamine (a Schedule II controlled substance).

3. Within the last ninety days, DEA Special Agent Brian Nehring received information that Leonard CORREA was distributing large amounts of heroin and methamphetamine in Vallejo, California, including from his residence on Alabama street.

4. Inquiries with the California Department of Motor Vehicles (DMV) revealed a record of a Leonard Sariano CORREA with a date of birth of XX-XX-1967 and a listed resident address at 844 Alabama Street, Vallejo, California as of January of 2017. DMV records indicated that CORREA currently had a 2004 BMW, California license #5Y5G248, as well as several other vehicles registered to him.

5. Inquiries with the California Department of Justice (DOJ) and National Criminal Intelligence Center (NCIC) revealed that CORREA had an extensive criminal history for offenses including, but not limited to the following:

    a. a 1992 felony conviction in Solano County for Transportation/Sales of a Controlled Substance for which he was sentenced to 1 year jail and 3 years

1

probation (although DOJ records indicate that in 1995 CORREA, was resentenced on this charge to 3 years prison after a concurrent misdemeanor conviction in Solano County for Evading a Police Officer/Disregard Safety);

b. seven (7) parole violations between 1997 and 2002 as the result of separate arrests for other charges, to include drug and theft arrests, leading to additional prison incarceration time;

c. a 2004 felony conviction in Solano County for Felony Evading of a Police Officer/Disregard Safety resulting in a sentence of 3 years prison;

d. a 2005 felony conviction in Solano County for Possession of a Controlled Substance for Sale for which he was sentenced to 3 years in prison;

e. a 2008 felony conviction in Solano County for Possession of a Controlled Substance for Sale for which he was sentenced to 300 days jail and 4 years probation (although records indicate in 2011 CORREA was resented to 10 years prison on this charge following a violation);

f. four separate 2014 convictions (initially listed as a felony conviction) in Solano County for a Post-Release Community Supervision (PRCS) violations resulting in 22 day, 60 day, 88 day and 180 day jail sentences; and

g. a 2014 felony conviction in Solano County for Possession of a Controlled Substance for which he was sentenced to three years probation. Records show that as a condition of CORREA's probation for this conviction, CORREA was on "Searchable Probation."

6. DOJ records further indicate that CORREA was arrested on numerous other criminal charges in 2015 that resulted in his probation being violated, re-instated, extended and modified, again with a condition listed as "Searchable Probation." SA Nehring subsequently contacted the Solano County District Attorney's Office in September of 2017. The DA's office indicated that CORREA's probation terms extended to 10-23-2017.

7. On September 8, 2017, at approximately 9:00 a.m., DEA agents and officers from the Vallejo Police Department (VPD) conducted a probation search at CORREA's reported residence, 844 Alabama Street, Vallejo, California. CORREA's girlfriend Shondeia MCCLAIN told agents that CORREA had just left, and agents noticed that CORREA's BMW was missing. VPD officers began searching for CORREA's BMW (California license #5Y5G248) and located it parked at a Ramada Inn in Vallejo, California. Minutes later, VPD Officer Jarred Tonn observed CORREA enter into the BMW and drive away. Based on CORREA's searchable probation status, Officer Tonn conducted a traffic stop of the BMW and made contact with CORREA who was the driver and sole occupant of the BMW. Officer Tonn found $1,200 in U.S. currency and approximately 51 gross grams of suspected

methamphetamine in three separate plastic knotted baggies on CORREA's person. The US Currency consisted of mostly $20 denominations. CORREA immediately told officers that he had more methamphetamine in a brown paper bag located on top of a child seat in the back seat of his BMW. A narcotics detection canine subsequently alerted to the brown paper bag, which CORREA had pointed out, for the odor of narcotics. Inside the brown paper bag officers located a clear plastic zip-lock bag which further contained approximately 246 gross grams of suspected methamphetamine. Later, after being read his Miranda Rights, CORREA told SA Nehring that he sold methamphetamine for profit and regularly brokered methamphetamine deals.

8. Based on the foregoing, there is probable cause to believe that Leonard CORREA did Possess with Intent to Distribute Methamphetamine in violation of Title 21 U.S.C. Section 841(a)(1).

I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Subscribed to and sworn before me this 8th day of September, 2017 at Sacramento, California.

_____
Maxim Lashchuk, Special Agent, DEA

_____
Honorable Deborah Barnes
United States Magistrate Judge

Approved as to form

_____
Cameron L. Desmond
Assistant United States Attorney

3